UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 15-03151-KK | Date | June 1, 2015 |
|---|---|---|---|
| Title | Steven H. Gil v. S. Peery | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:** (In Chambers) Order Directing Petitioner to File Response Regarding Exhaustion [ECF Docket No. 9]

# I.
# PROCEDURAL BACKGROUND

On April 19, 2015, Steven H. Gil ("Petitioner"), a California state prisoner proceeding pro se, constructively filed the instant Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254(d), with this Court.[1] ECF Docket No. ("dkt.") 1. Petitioner challenges his conviction in Los Angeles County Superior Court for first-degree murder, in violation of California Penal Code section 187(a). Pet. at 2. The jury also found Petitioner was a principal armed with a firearm within the meaning of California Penal Code section 12022(a)(1). Id. Petitioner was sentenced to twenty-six (26) years to life. Id.

In the Petition, Petitioner sets forth two grounds for habeas relief: (1) violation of due process rights to a fair and impartial jury ("Claim One"); and (2) cruel and unusual punishment and ineffective assistance of counsel resulting from the admission of expert testimony on the meaning of street slang ("Claim Two"). Id. at 5-6.

On May 29, 2015, Respondent filed a Motion to Dismiss, contending Claim Two "as currently alleged, is unexhausted." ECF Docket No. 9 ("Motion") at 4. Specifically, Respondent argues "when Petitioner challenged the admission of this [expert] testimony in the California Supreme Court, he argued that the admission violated his federal right to

---

[1]  The Court's paginated references to the Petition refer to the page numbers displayed at the top of each page on CM-ECF.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-03151-KK | Date | June 1, 2015 |
|---|---|---|---|
| Title | Steven H. Gil v. S. Peery | | |

a fair trial under the due process clause.  Petitioner did not present this claim as cruel and unusual punishment or IAC claims." Id.

## II.
## DISCUSSION

### A.   The Exhaustion Requirement for Federal Habeas Petitions

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights.  Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*per curiam*).  The inclusion of both exhausted and unexhausted claims in a federal habeas petition renders it mixed and subject to dismissal without prejudice.  See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

For a petitioner in California state custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court.  See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California).  A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

### B.   Claim Two Is Unexhausted

Here, Claim Two is unexhausted.  As Respondent argues, Claim Two was not raised before the California Supreme Court in his petition for review (see Lodg. No. 6).[2] While Petitioner challenged the expert testimony in his petition for review, he challenged the testimony as (1) a violation of state evidentiary rules, and (2) a violation of his "constitutional rights to a jury trial and to a fair trial under the due process clause."

---

[2]Petitioner does not appear to have filed any state habeas petiitons, and concedes he did not raise this claim in a habeas petition to the California Supreme Court.  Pet. at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-03151-KK | Date | June 1, 2015 |
|---|---|---|---|
| Title | Steven H. Gil v. S. Peery | | |

Lodg. No. 6 at 5. In contrast, in the instant Petition, Petitioner challenges the expert testimony as constituting (1) cruel and unusual punishment and (2) ineffective assistance of counsel. Pet. at 5-6. Thus, because Petitioner did not present these legal theories in his only filing in the California Supreme Court, Claim Two is unexhausted.

## C. Petitioner's Options

Because Claim Two is unexhausted it appears from the record now before the Court that the instant Petition is subject to dismissal as a mixed petition. However, before deciding this matter, the Court will first give Petitioner an opportunity to address the exhaustion issue by electing any of the following five options:

### Option 1:

If Petitioner contends he has in fact exhausted his state court remedies with respect to Claim Two, he should clearly explain this in a response to this Order. Petitioner should attach to his response copies of any documents establishing Claim Two is indeed exhausted. (Petitioner may also file a response, and include a notice that, if the court still finds the petition to be mixed, he alternatively selects one of the other options discussed below.)

### Option 2:

Alternatively, Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for Petitioner's convenience.** The Court advises Petitioner, however, that if Petitioner should later attempt to again raise any dismissed claims in subsequent habeas petitions, those claims may be time-barred under the one-year statute of limitations in 28 U.S.C. § 2244(d)(1).

### Option 3:

Petitioner may request a voluntary dismissal of only his unexhausted claim (*i.e.* Claim Two), and elect to proceed on only his exhausted claim (*i.e.* Claim One). **Petitioner may also use the attached Notice of Dismissal form in order to select this option**. The Court advises Petitioner, however, that if he elects to proceed now with only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-03151-KK | Date | June 1, 2015 |
|---|---|---|---|
| Title | Steven H. Gil v. S. Peery | | |

his exhausted claim, any future habeas petition containing Claim Two or other claims that could have been raised in the instant Petition may be rejected as successive (or may be time-barred).

**Option 4:**

Pursuant to Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), Petitioner may ask the Court to stay all of the claims in a mixed petition while he returns to the state courts to exhaust his already pled but unexhausted claim. To obtain a stay of this case pursuant to Rhines, Petitioner is required to: (a) show good cause for his failure to exhaust Claim Two in state court earlier; and (b) show Claim Two is not "plainly meritless." See id. at 277. (Petitioner also may request a Rhines stay, and include a notice that, if the Court denies the Rhines stay, he alternatively selects one of the other options.)

**Option 5:**

Pursuant to Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), Petitioner may dismiss Claim Two and ask the Court to stay his remaining, fully exhausted claim while he returns to the state courts to exhaust Claim Two. The Court advises Petitioner, however, that "[a] petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely. Moreover, demonstrating timeliness will often be problematic under the now-applicable legal principles." King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Additionally, a petitioner may only amend a new claim into a pending federal habeas petition after the expiration of the limitations period if the new claim shares a "common core of operative facts" with the claims in the pending petition. Mayle v. Felix, 545 U.S. 644, 659, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005). (Petitioner also may request a Kelly stay, and include a notice that, if the Court denies the Kelly stay, he alternatively selects one of the other options.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-03151-KK | Date | June 1, 2015 |
|---|---|---|---|
| Title | Steven H. Gil v. S. Peery | | |

**Caution:** Petitioner is cautioned that if he requests a stay and the Court denies the request for a stay, or if Petitioner contends that he has in fact exhausted his state court remedies on all of his claims and the Court disagrees, the Court may recommend the Petition be dismissed as a mixed petition. Accordingly, as noted above, Petitioner may select options in the alternative.

**Summary:** In sum, in order to select Option 1, Petitioner must file a response to this Order showing Claim Two is exhausted. In order to select Options 2 or 3, Petitioner may file the attached Notice of Dismissal form and fill it out according to his choice. In order to select Options 4 or 5, Petitioner must file a written response requesting a stay pursuant to either Rhines or Kelly. With Options 1, 4, or 5, Petitioner may select an alternative option in the event the Court finds certain claims unexhausted and/or denies the request for a stay. Whichever option Petitioner selects, Petitioner must file and serve the responding document clearly stating the option selected *no later than June 21, 2015*.

IT IS THEREFORE ORDERED:

1. **By June 21, 2015,** Petitioner is ordered to respond to this Order by electing any of the five options presented above. **The Court warns Petitioner that failure to timely file and serve a response as directed in this Order will result in this action be dismissed without prejudice as a mixed petition, for failure to prosecute, and/or for failure to obey court orders.**

2. In light of this Order, Respondent's Motion to Dismiss (ECF Docket No. 9) is **DENIED** without prejudice as moot.